

1
2
3
4
5
6
7
8       **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA**

10      **WESTERN DIVISION**

11

12    JAMES S. HALL,                          )      No. CV 14-7487-JVS (PLA)
                                             )
13                    Petitioner,            )
                                             )
14            v.                             )      **ORDER TO SHOW CAUSE RE LACK OF**
                                             )      **EXHAUSTION**
15    KEVIN CHAPPELL, Warden,                )
                                             )
16                    Respondent.            )
      ―――――――――――――――――――――――――               )

17

18            On September 25, 2014, James S. Hall ("petitioner"), who is currently confined at the San

19    Quentin State Prison, in Marin County, California, filed a Petition for Writ of Habeas Corpus (the

20    "Petition").  According to the Petition, petitioner appears to challenge the Board of Parole Hearings'

21    ("BPH") denial of parole after a hearing held on July 20, 2012.  (See Attachment to Petition

22    ("Attach.") at 2; Ex. B, at 1).  For the reasons set forth below, the Court finds that the instant

23    Petition is unexhausted.

24            As a matter of comity, a federal court will not entertain a habeas corpus petition unless the

25    petitioner has exhausted the available state judicial remedies on every ground presented in the

26    petition.  Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  The

27    habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall

28    not be granted unless it appears that -- (A) the applicant has exhausted the remedies available

1  in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii)

2  circumstances exist that render such process ineffective to protect the rights of the applicant."  28

3  U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived

4  expressly by the state, through counsel.  See 28 U.S.C. § 2254(b)(3).

5       Exhaustion requires that petitioner's contentions be fairly presented to the state supreme

6  court even if that court's review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119

7  S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).

8  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by

9  invoking one complete round of the State's established appellate review process" in order to

10  exhaust his claims.  O'Sullivan, 526 U.S. at 845.  A claim has not been fairly presented unless the

11  prisoner has described in the state court proceedings both the operative facts and the federal legal

12  theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887,

13  130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438

14  (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of

15  Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek,

16  218 F.3d 1017 (9th Cir. 2000).  Petitioner has the burden of demonstrating that he has exhausted

17  available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

18       Here, it appears from the Petition that petitioner has not exhausted his state judicial

19  remedies.  Petitioner filed a state habeas petition with the Santa Barbara County Superior Court

20  on May 31, 2013, which was denied on February 18, 2014. (Petition, Ex. B, at 1).  Petitioner filed

21  a habeas petition with the California Court of Appeal on March 26, 2014, which was denied on

22  June 30, 2014. (Petition, Ex. C, at 1, 6[1]).  However, there is no indication that petitioner has filed

23  a habeas petition with the California Supreme Court.[2]

24  _____

25       [1]  The Court has consecutively paginated Exhibit C, which was paginated separately but

26  submitted as one document.

27       [2]  The caption of the instant Petition refers to the California Supreme Court, but the Petition
    was sent to and filed in this Court (the U.S. District Court).  There is no indication if petitioner has

28  filed in the California Supreme Court, or that the California Supreme Court has rendered a
                                                                                    (continued...)

1    Accordingly, for the foregoing reasons, **no later than October 21, 2014**, petitioner is

2  ordered to show cause why the Petition should not be dismissed without prejudice for failure to

3  exhaust state remedies.  Filing by petitioner of an Amended Petition -- on the Central District of

4  California's form Petition for Writ of Habeas Corpus -- clearly showing that petitioner has

5  exhausted his state judicial remedies, as well as filing a complete copy of the state habeas corpus

6  petition that was denied by the California Supreme Court, shall be deemed compliance with this

7  Order to Show Cause.  **Petitioner is advised that his failure to show in his Amended Petition**

8  **that he has exhausted his state judicial remedies, including by providing the Court with a**

9  **copy of his California Supreme Court habeas petition, will result in the action being**

10  **dismissed for lack of exhaustion.  Petitioner is further advised that his failure to timely**

11  **respond to this Order will result in the action being dismissed for failure to prosecute and**

12  **failure to follow Court orders.**

13    The Court Clerk is directed to send petitioner a copy of his current Petition, together with

14  blank copies of the forms required when filing a Petition for Writ of Habeas Corpus by a Person

15  in State Custody.  Any Amended Petition or other filing with the Court shall use the case number

16  assigned to this action.

17

18  DATED:  September 29, 2014

19                                  PAUL L. ABRAMS
       UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27 ─────────────────

28    [2](...continued)
  decision.