**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JAMES S. HALL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KEVIN CHAPPELL, Warden,<br><br>　　　　　Respondent. | No. CV 14-7487-JVS (PLA)<br><br>**FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　This Final Report and Recommendation is submitted to the Honorable James V. Selna, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.  For the reasons discussed below, the Magistrate Judge recommends that the Petition for Writ of Habeas Corpus be dismissed without prejudice for lack of exhaustion, failure to prosecute, and failure to follow court orders.

//

//

//

//

//

I.

**SUMMARY OF PROCEEDINGS**

On September 25, 2014, James S. Hall ("petitioner"), who is currently confined at the San Quentin State Prison, in Marin County, California, filed a Petition for Writ of Habeas Corpus (the "Petition"). According to the Petition, petitioner appears to challenge the Board of Parole Hearings' ("BPH") denial of parole after a hearing held on July 20, 2012. (See Petition at 4a-b; Ex. B, at 1). For the reasons set forth below, the Court recommends that the instant Petition be dismissed as unexhausted, and for failure to prosecute and to follow court orders.

II.

**STATEMENT OF FACTS**

As the disposition of this matter does not depend on a factual analysis of petitioner's underlying state court conviction, it is simply noted that petitioner pleaded guilty in the Santa Barbara County Superior Court to second degree murder.

III.

**PETITIONER'S CONTENTION**

The BPH's denial of parole violated petitioner's federal right to Due Process. (See Petition at 4b).

IV.

**THE PETITION IS BARRED FOR FAILURE TO EXHAUST**

The Petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). Pub. L. No. 104-132, 110 Stat. 1214 (1996). Therefore, the Court applies the AEDPA in its review of this action. See Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, it appears from the Petition that petitioner has not exhausted his state judicial remedies. Petitioner filed a state habeas petition with the Santa Barbara County Superior Court on May 31, 2013, which was denied on February 18, 2014. (Petition, Ex. B, at 1). Petitioner filed a habeas petition with the California Court of Appeal on March 26, 2014, which was denied on

June 30, 2014. (Petition, Ex. C, at 1, 6[1]). However, there is no indication that petitioner has filed a habeas petition with the California Supreme Court.[2]

In an Order on September 29, 2014, the Magistrate Judge provided petitioner until October 21, 2014, to show in an Amended Petition that he had exhausted his state judicial remedies, including by providing the Court with a copy of his California Supreme Court habeas petition. He was advised that the failure to do so would result in dismissal of the Petition for lack of exhaustion. Petitioner has not responded to the September 29, 2014, Order, and thus has not shown that he has complied with the exhaustion requirement. His Petition is therefore subject to dismissal as unexhausted.

**V.**

**THE PETITION SHOULD ALSO BE DISMISSED FOR FAILURE TO PROSECUTE**

It is well established that a district court has authority to dismiss a Petition because of petitioner's failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (applying same in habeas context).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

---

[1] The Court has consecutively paginated Exhibit C, which was paginated separately but submitted as one document.

[2] The caption of the instant Petition refers to the California Supreme Court, but the Petition was sent to and filed in this Court (the U.S. District Court). There is no indication if petitioner has filed in the California Supreme Court, or that the California Supreme Court has rendered a decision.

1 defendants/respondents; (4) the public policy favoring the disposition of cases on their merits; and
2 (5) the availability of less drastic sanctions. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994)
3 (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders); see also
4 Pagtalunan, 291 F.3d at 642 (applying same in habeas context to uphold dismissal).

In this case, the first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner has failed to comply with the Court's deadline for filing an Amended Petition and has not sought an extension of time in which to do so. Petitioner's failure to comply with the Court's Order hinders the Court's ability to move this case toward disposition, and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to the respondent -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondent arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. It is, however, petitioner's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with the Court's Order of September 29, 2014, or his failure to comply with the Court's deadline.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Court attempted to avoid dismissal by giving petitioner the opportunity to file an Amended Petition, and by advising petitioner that his failure to comply with the Court's Order would result in his Petition being dismissed.

Taking all of the above factors into account, dismissing the Petition for failure to prosecute is appropriate. Such a dismissal, however, should not be entered unless petitioner has been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d

1519, 1523 (9th Cir. 1990). In this case, petitioner was cautioned about the possibility of dismissal in the Court's Order of September 29, 2014. Moreover, petitioner will be afforded additional notice by service of this Final Report and Recommendation.

Based on the foregoing, the Petition is subject to dismissal for failure to prosecute and failure to follow court orders, as well as for lack of exhaustion.[3]

## VI.

## RECOMMENDATION

It is recommended that the District Court issue an Order: (1) adopting this Final Report and Recommendation; and (2) entering Judgment denying and dismissing the Petition without prejudice for lack of exhaustion, failure to prosecute, and failure to follow court orders.

DATED: November 26, 2014

　　　　　　　　　　　　　　／s／ Paul L. Abrams
　　　　　　　　　　　　　　PAUL L. ABRAMS
　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[3] On November 20, 2014, within the period to file objections to the Report and Recommendation, the Court received a letter from petitioner stating that he erroneously filed the Petition in federal court when he actually intended to file it in the California Supreme Court. Thus, as set forth herein, petitioner seems to concede that the instant Petition is not fully exhausted. Accordingly, it should be dismissed without prejudice.

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.